UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE,

    Plaintiff,

        v.

CHARLOTTE A. BURROWS, CHAIR,
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION, *et al.*,

    Defendants.

Civil Action No. 24-3570

## MEMORANDUM OPINION AND ORDER

In this *pro se* lawsuit, Plaintiff John Doe is suing the Equal Employment Opportunity Commission and the Department of Homeland Security for allegedly failing to fulfill his Freedom of Information Act requests that relate to an employment-discrimination claim he raised against the United States Coast Guard. See ECF Nos. 1 (Compl.) at 4; 11-1 (Mot. Exhs.) at ECF pp. 3–6. Plaintiff has twice filed Motions to Proceed Pseudonymously to no avail. See ECF Nos. 3 (Pseudo. Mot.); 9 (Renewed Pseudo. Mot.). He has now renewed his Motion yet again, see ECF No. 11 (Second Renewed Pseudo. Mot.), and filed — for the first time — a Motion to Partially Seal the Case. See ECF No. 12 (Sealing Mot.). He still falls well short of the detailed showing required to overcome the presumption in favor of proceeding under his true name, so the Court will deny his Motion to Proceed Pseudonymously. To the extent that he seeks to seal his Motion to Proceed in Forma Pauperis and military records, meanwhile, his Motion to Partially Seal the Case will be granted only in regard to his medical information. Both decisions are subject to any further consideration by the United States District Judge to whom this case is

1

randomly assigned.  See LCvR 40.7(f) (providing that Chief Judge shall "hear and

determine . . . motion[s] to file a pseudonymous complaint").

## I.    Legal Standard

Generally, a plaintiff filing a civil action must identify the parties and file on the public

docket.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  Since Plaintiff seeks to proceed both

pseudonymously and under seal, the Court reviews the legal standards for both Motions.

### A.    Pseudonymity

The identification requirement reflects the "presumption in favor of disclosure [of

litigants' identities], which stems from the 'general public interest in the openness of

governmental processes,' and, more specifically, from the tradition of open judicial proceedings."

In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S.

Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed

pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such

secrecy, and identifying the consequences that would likely befall it if forced to proceed in its

own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must

"'balance the litigant's legitimate interest in anonymity against countervailing interests in full

disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed

Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is
> merely to avoid the annoyance and criticism that may attend any
> litigation or is to preserve privacy in a matter of [a] sensitive and
> highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or
> mental harm to the requesting party or[,] even more critically, to
> innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be
> protected;

[4] whether the action is against a governmental or private party; and relatedly,

[5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

B.    Sealing

"The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)). When a party seeks to overcome this presumption and seal court records, courts engage in the six-factor inquiry described in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980). Those factors are:

[1] the need for public access to the documents at issue;

[2] the extent of previous public access to the documents;

[3] the fact that someone has objected to disclosure, and the identity of that person;

[4] the strength of any property and privacy interests asserted;

[5] the possibility of prejudice to those opposing disclosure; and

[6] the purposes for which the documents were introduced during the judicial proceedings.

Nat'l Children's Ctr., Inc., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22).

II.    Analysis

The Court separately addresses pseudonymity and then sealing.

A.    Pseudonymity

3

Even at this early stage, Plaintiff has not met his burden of showing that his privacy interests outweigh the public's presumptive and substantial interest in learning his identity. The Court will address each factor in turn.

The first factor weighs in favor of disclosure. Under this factor, the Court must consider whether this lawsuit would bear on the kind of "sensitive and highly personal" information about Plaintiff or other individuals that can weigh in favor of pseudonymity. In re Sealed Case, 971 F.3d at 326–27 (citation omitted) (listing as examples "sexual activities," "medical concerns," or "identity of abused minors"). Plaintiff alleges that the case "may expose confidential personnel matters, internal investigations, and sensitive workplace dynamics" through documents such as "Plaintiff's DD-214 Certificate of Release or Discharge from Active Duty, Standard Form SF-86 (Questionnaire for National Security Positions), medical waiver letters, security clearance records, and other sensitive enlistment and service-related documents." Second Renewed Pseudo. Mot. at 3. While material exposing sensitive workplace dynamics is not "highly personal," information relating to Plaintiff's medical files does fall into that category. As discussed below, the Court will allow Plaintiff to seal the latter. Given that limited sealing, this factor weighs in favor of disclosure.

The second factor counsels similarly. Plaintiff contends that he "has already experienced adverse actions following protected disclosures and reasonably fears further retaliation from Defendant and affiliated actors." Id. at 3. But that "claim[] of impending retribution" is far "too bare and attenuated" for the Court to find that disclosure poses a legitimate risk of retaliatory physical or mental harm to Doe and others. See Doe v. Chutkan, No. 24-3470, ECF No. 4 (Mem. Op.) at 4 (D.D.C. Dec. 17, 2024); see John Doe Co. No. 1 v. CFPB, 195 F. Supp. 3d 9, 22

(D.D.C. 2016) (finding second factor weighs in favor of disclosure when claims are "speculative and unsubstantiated") (citation omitted).

Plaintiff does not assert that the lawsuit would bear on the privacy interests of any minors, see In re Sealed Case, 971 F.3d at 326 (citation omitted), so the third factor also supports disclosure. See Doe v. Burns, No. 23-2937, ECF No. 7 (Mem. Op.) at 6 (D.D.C. Oct. 5, 2023).

The fourth factor, meanwhile, lends a bit of wind to Doe's sails. Anonymous litigation can be appropriate when a plaintiff sues the government seeking "individualized relief." Doe v. PCAOB, 2024 WL 3954189, at *3–4 (D.D.C. Aug. 2, 2024); see Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 4–5 (D.D.C. June 11, 2024). And that, as far as the Court can determine, is Doe's aim. He apparently seeks additional information about his initial discharge and later denial of reenlistment into the Coast Guard — as relevant records were not included in those previously provided to him pursuant to FOIA. See Compl. at 4; Mot. Exhs. at ECF pp. 3–6. The fourth factor thus weighs in favor of permitting Doe to proceed pseudonymously.

So, too, does the fifth and final factor. This factor is "not implicated" when a defendant knows the plaintiff's identity. In re Sealed Case, 971 F.3d at 326 n.1. Doe "is willing to disclose his identity to Defendant[s] under seal." Second Renewed Pseudo. Mot. at 7.

In sum, while the fourth and fifth factors support the Motion, Doe offers no convincing argument for why anonymity is necessary to protect either his sensitive personal information or his physical and mental wellbeing. The Court therefore must conclude that he has not met his burden of showing that the public's presumptive "interest in knowing the identity of litigants" has been rebutted. Doe v. DHS, 2022 WL 1210689, at *3 (D.D.C. Mar. 14, 2022).

    B.    Sealing

While Doe will need to proceed under his true name, he has met his burden to overcome the presumption in favor of public access to court records as it relates to his medical information. The Court will address each Hubbard factor in turn.

The first — "the need for public access to the documents at issue," Nat'l Children's Ctr., Inc., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22) — weighs slightly in favor of sealing. To start, the presumption of transparency is normally "accentuated in cases" like this one "where the government is a party," United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 520 F. Supp. 3d 71, 81 (D.D.C. 2020) (quoting Nat'l Children's Ctr., Inc., 98 F.3d at 1409), even though this civil action is not the sort of traditional criminal proceeding to which courts have attached a heightened public interest. See Hubbard, 650 F.2d at 317. Doe asserts that his individual military enlistment documents, however, are only "incidentally relevant" to the case. See Second Renewed Pseudo. Mot. at 4. In other words, these records can remain sealed without unduly impinging on the public interest in understanding the allegations made, which center on the EEOC's response to Plaintiff's FOIA request, not the details of his military-employment dispute. See Compl. at 4. This "targeted" request tips the balance in favor of sealing. Monbo v. United States, 2023 WL 7129866, at *1 (D.D.C. Sept. 7, 2023).

The second factor similarly counsels in favor of sealing. In assessing this factor, the court "should consider the public's previous access to the sealed information, not its previous access to the information available in the overall lawsuit." CNN v. FBI, 984 F.3d 114, 119 (D.C. Cir. 2021). There is no doubt that the public has access to the overall subject of this suit — namely, the allegation that the EEOC has been noncompliant in responding to Plaintiff's FOIA requests. Plaintiff, after all, has filed a Complaint on the docket. To the Court's knowledge, by contrast, the public has never had access to his military records. See Second Renewed Pseudo.

Mot. at 5 ("Plaintiff's military personnel records, including the DD-214 and SF-86, have never been publicly disclosed").  This factor thus weighs in favor of sealing, too.

The third factor also tips that way.  "[T]he fact that a party moves to seal the record weighs in favor of the party's motion."  Zapp v. Zhenli Ye Gon, 746 F. Supp. 2d 145, 149 (D.D.C. 2010).  As is customary at this stage, no objection to the Motion has been lodged.

The fourth Hubbard factor, "the strength of any property and privacy interests asserted," follows suit, but only as to Plaintiff's medical information.  Nat'l Children's Ctr., Inc., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22).  Hubbard contemplated that "[v]alid privacy interests might be asserted . . . in documents which reveal the intimate details of individual lives, sexual or otherwise."  650 F.2d at 324.  Plaintiff seeks to redact "extensive personal, medical, and biographical information, including . . . mental health assessments."  Second Renewed Pseudo. Mot. at 5.  To the extent that documents reveal his medical information, this factor weighs in favor of sealing and that information may be redacted.  Most of the information in the documents mentioned, see id. at 3 ("Plaintiff's DD-214 Certificate of Release or Discharge from Active Duty, Standard Form SF-86 (Questionnaire for National Security Positions), medical waiver letters, security clearance records, and other sensitive enlistment and service-related documents"), however, does not reveal the type of intimate details this factor covers and thus should be released.

The fifth factor, which considers whether disclosure will prejudice the party seeking the seal, is neutral here.  See All Assets Held at Bank Julius Baer & Co., Ltd., 520 F. Supp. 3d at 85 ("The possibility of prejudice refers to 'whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal.'") (quoting United States ex rel. Durham v. Prospect Waterproofing, Inc., 818 F. Supp. 2d 64, 68 (D.D.C. 2011)).  Plaintiff has

identified only generalized reputational and employment harm as well as embarrassment that would follow from disclosure, rather than how disclosure would harm him in future suits. See Second Renewed Pseudo. Mot. at 6 ("Plaintiff would face concrete risks of reputational damage, employment consequences, and personal embarrassment."); United States v. Puma, 2023 WL 2727755, at *6 (D.D.C. Mar. 31, 2023) (explaining that "'[h]arm to reputation and career' is not a compelling reason for non-disclosure" under fifth factor) (quoting United States ex rel. Grover v. Related Cos., LP, 4 F. Supp. 3d 21, 26–27 (D.D.C. 2013)); Frech v. HHS, No. 23-2530, ECF No. 5 (Sealing Op.) at 5 (D.D.C. Aug. 31, 2023) (similar).

The sixth and final factor concerns "the purposes for which the documents were introduced." Nat'l Children's Ctr., Inc., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22). Disclosure is the norm "where 'the parties explicitly intended the Court to rely on [the sealed] materials in adjudicating their dispute.'" Vanda Pharms., Inc. v. FDA, 539 F. Supp. 3d 44, 57 (D.D.C. 2021) (quoting Berliner Corcoran & Rowe LLP v. Orian, 662 F. Supp. 2d 130, 135 (D.D.C. 2009)). Where a party seeks to seal only limited portions of the pleadings that are not at issue in the case, however, this factor can favor sealing. See Gilliard v. McWilliams, 2019 WL 3304707, at *5 (D.D.C. July 23, 2019) ("There is 'less of a pressing concern to unseal [records] if they are not relevant to the claims.'") (quoting Durham, 818 F. Supp. 2d at 69). Here, the sixth factor weighs in favor of sealing, for reasons explained previously with regard to the first factor.

At the end of the day, no Hubbard factors favor disclosure of Plaintiff's medical information, while the fourth is the only one that weighs against sealing all other information. The Court will thus grant Plaintiff's request to seal as it relates to his medical condition and deny it as to any other information.

### III.    Conclusion

The Court accordingly ORDERS that:

1. Plaintiff's [11] Motion for Leave to File Under Pseudonym is DENIED;

2. Within fourteen days of the Court's Order, Plaintiff shall file a Notice advising the Clerk of the Court whether he wishes to proceed with filing his Complaint on the public docket using his real name, and, if so, he shall also file his [11] Motion on the public docket as an exhibit to the Notice;

3. If Plaintiff does not file such Notice within fourteen days, the Clerk is directed to terminate the case;

4. Plaintiff's [12] Motion to Partially Seal the Case is GRANTED IN PART and DENIED IN PART; and

5. Within fourteen days of the Court's Order, Plaintiff shall file on the public docket his unredacted Motion to Proceed in Forma Pauperis but may submit documents that with his medical information redacted in the future, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  April 21, 2025

9