UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>　Plaintiff,<br><br>　v.<br><br>CHARLOTTE A. BURROWS, CHAIR,<br>U.S. EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION, *et al.*,<br><br>　Defendants. | Civil Action No. 24-3570 (JEB) |

## MEMORANDUM OPINION AND ORDER

An anonymous *pro se* Plaintiff has sued the Equal Employment Opportunity Commission and the Department of Homeland Security for allegedly failing to fulfill his Freedom of Information Act requests relating to an employment-discrimination claim he raised against the United States Coast Guard. See ECF Nos. 1 (Compl.) at 4; 11-1 (Mot. Exhs.) at ECF pp. 3–5. In a prior Memorandum Opinion and Order, the Court denied Plaintiff's request to proceed pseudonymously but granted a partial sealing of the case with respect to his medical information. See ECF No. 14 (Mem. Op. and Order). In now his fourth Motion on this matter, Plaintiff shares new facts with the Court and asks for a reconsideration of its denial of leave to proceed under pseudonym. See ECF No. 15 (Recon. Mot.). Having weighed this new information, the Court finds the basis of its prior disposition unchanged and accordingly denies the Motion.

I.   **Legal Standard**

Plaintiff does not specify a basis for relief but generally asserts that the Motion for Reconsideration is filed "based on materially changed circumstances, clarified procedural

1

context, and newly substantiated risks that were not fully before the Court during initial consideration." Recon. Mot. at 1. The Court thus construes the Motion as one pursuant to Federal Rule of Civil Procedure Rule 54(b), which applies to orders that "may be revised at any time." Relief may be granted pursuant to Rule 54(b) "as justice requires" — a standard that may be met where, for instance, the court "has patently misunderstood" the parties, strayed far afield of the issues presented, or failed to consider "a controlling or significant change in the law or facts . . . since the submission of the issue." Cobell v. Norton, 224 F.R.D. 266, 272 (D.D.C. 2004) (internal citations and quotation marks omitted).

## II.   Analysis

The Court previously found that Plaintiff prevailed on factors four and five of the five-factor balancing test from In re Sealed Case, 971 F.3d 324 (D.C. Cir. 2020), which determines whether a party has met the burden needed to overcome the presumption in favor of disclosing litigants' identities. As a result, this Opinion addresses only the first, second, and third in light of the new information Plaintiff has submitted.

Beginning with the first factor — "whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature" — Plaintiff still does not show that pseudonymity is necessary because it protects sensitive or highly personal information. Id. at 326; see also id. at 327 (listing as examples "sexual activities," "medical concerns," or "identity of abused minors"). In his third motion for pseudonymity, Plaintiff alleged that the case "may expose confidential personnel matters, internal investigations, and sensitive workplace dynamics" through documents such as medical records. See ECF No. 11 (Third Renewed Pseudo. Mot.) at 3. While the Court disagreed with his contention that workplace dynamics

needed to be protected, it agreed that Plaintiff's medical files are "sensitive and highly personal" information and allowed him to file those under seal. See Mem. Op. and Order at 4, 9. With that limited sealing, the Court found that the first factor favors disclosure. Id. at 4. Plaintiff now attempts to move the needle on this question by alleging that the Coast Guard staff's medical diagnosis, which serves as the catalyst for this FOIA request, is a misdiagnosis that carries a "stigma [that] directly undermines Plaintiff's ability to reenter a public-facing service branch." Recon. Mot. at 3. Plaintiff presents new exhibits in support of his contention that he was misdiagnosed — i.e., attestations from civilian doctors that offer second opinions on the diagnosis. See ECF No. 15-5 (Medical Ops.). While these attestations may be relevant to disputing Plaintiff's diagnosis and his eligibility for future service, they do not bear on the narrow question of whether pseudonymity should be granted as he litigates his FOIA case. Plaintiff has not presented any new categories of highly sensitive information that would require treatment beyond the Court's sealing of his medical records.

Having addressed his core factor-one claims, the Court now turns to one of Plaintiff's arguments that falls outside the four corners of the five-factor test but is properly addressed here because it concerns whether the "justification" for the Motion to Proceed Pseudonymously is "merely to avoid the annoyance and criticism that may attend any litigation." In re Sealed Case, 971 F.3d at 326. Plaintiff argues that the Court should grant pseudonymity because "the core purpose of this litigation is not merely to obtain FOIA documents, but to vindicate rights previously obscured through procedural misclassification of Plaintiff's whistleblower activity" and that he misunderstood that filing an Equal Employment Opportunity claim might implicate his ability to claim whistleblower protections. See Recon. Mot. at 2–3. He goes on to say that the Complaint requests that the EEOC "be ordered to conduct an investigation that was never

initiated." Id. All of this falls under the heading, "Clarification of Case Framing: This Is Not a FOIA Case." Id. at 2. Yet, this is indeed a FOIA case per Plaintiff's articulation of the relief sought in the Complaint. See Compl. at 4 ("I am seeking from the Court release [through subpoena] documents in EEOC decision. Moreover, I seek an appropriate length of time to form arguments considering released documents.") (alteration in original). On the whole, then, the first factor remains tilted in favor of disclosure.

As to the second factor, Plaintiff has offered more details to support his concern that he is at risk of retaliatory harm. See ECF Nos. 15-2 (Pl. Decl.); 15-3 (Priv. Investigator Rep.). Among other consequences, he maintains that he experienced psychological distress in the process of receiving and contesting his initial diagnosis from the Coast Guard's medical staff. See Pl. Decl., ¶¶ 1–2. He also alleges that these experiences "created a pattern of humiliation" during his training that might be replicated in the future. See Recon. Mot. at 3. The experiences that Plaintiff describes to the Court, however, are far from the threats of physical harm, abuse, violence, and the like that warrant a grant of anonymity. See, e.g., J.K.A. v. United States, No. 23-2273, ECF No. 7 (Mem. Op.) at 3–4 (D.D.C. Aug. 10, 2023) (factor favors pseudonymity when plaintiffs faced "threats of retaliation" from foreign government); Employee #1 v. Dep't of Behavioral Health, No. 23-2553, ECF No. 5 (Mem. Op.) at 5 (D.D.C. Sept. 25, 2023) (factor favors pseudonymity when plaintiff alleged that he feared that a murder suspect would identify and come after him). Nothing that Plaintiff has presented changes the Court's prior assessment that his "claim[] of impending retribution" is far "too bare and attenuated" for the Court to find that disclosure poses a risk of legitimate retaliatory physical or mental harm to Plaintiff or others. See Mem. Op. at 4. The second factor therefore still weighs against Plaintiff.

5

While Plaintiff has added details on how his situation has affected family members, they are not minors; nor does he assert that the privacy interests of minors will be affected. See In re Sealed Case, 971 F.3d at 326 (citation omitted). So the third factor continues to support disclosure. See Doe v. Burns, No. 23-2937, ECF No. 7 (Mem. Op.) at 6 (D.D.C. Oct. 5, 2023).

Since the balance of factors has not changed, the Court ORDERS that Plaintiff's [15] Motion for Reconsideration is DENIED.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date: June 13, 2025