Pro Se Plaintiff
Address on file under seal
3015417061
myles.w.akacomplainant@gmail.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>vs.<br><br>CHARLOTTE A. BURROWS, in her official capacity as Chair, U.S. Equal Employment Opportunity Commission,<br>        Defendant.<br><br>FILED UNDER SEAL | Case No.: 1:24-cv-03570 (Boasberg, C.J.)<br><br>AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT |

Plaintiff John Doe, by and through undersigned counsel, alleges as follows:

Jurisdiction and Venue

1. This Court has subject-matter jurisdiction under the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a)(4)(B), which authorizes federal district courts to enjoin improper withholding and order the release of agency records. This Court also has jurisdiction under 28 U.S.C. § 1331 (federal-question jurisdiction) and 28 U.S.C. § 2201 (Declaratory Judgment Act).

2. Venue is proper in this district under 28 U.S.C. § 1391(e) because Defendant EEOC's principal office is in Washington, D.C., and a substantial part of the events giving rise to this action occurred in this district. EEOC is an agency of the United States for purposes of FOIA.

AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT - 1



RECEIVED
SEP 29 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Parties

1. Plaintiff John Doe is a former U.S. Coast Guard recruit who resides in Maryland. He was separated from the Coast Guard in early 2023. Plaintiff's Coast Guard discharge and subsequent complaints form the basis of the records he requested.

2. Defendant Charlotte A. Burrows is the Chair of the U.S. Equal Employment Opportunity Commission (EEOC). Defendant Burrows is sued in her official capacity.

Factual Background

1. Following his separation from the Coast Guard, Plaintiff submitted FOIA requests to the EEOC seeking all agency records related to his discharge and related discrimination (EEO) complaints. Specifically, he requested: (a) the Coast Guard's and EEOC's intake files, investigation reports, counselor notes, and case-tracking records concerning his EEO complaints; (b) all communications between the EEOC and the Coast Guard regarding those complaints; and (c) any Coast Guard records regarding his medical examination, reenlistment code, and discharge decision-making.

2. Plaintiff sought these records to understand the circumstances of his separation and why his concerns were not addressed. He requested the complete EEOC investigative file and related correspondence so that he could prepare any necessary appeals to correct his military record.

3. EEOC acknowledged receipt of Plaintiff's FOIA request but failed to conduct an adequate search. It produced only a limited subset of records and withheld portions of the EEO investigative file without providing any Vaughn index or explanation for the

redactions. EEOC did not search other sources likely to contain responsive records, such as internal email or case-tracking systems.

4. Plaintiff timely appealed the EEOC's response to the agency head, but EEOC upheld its initial determination. Plaintiff has therefore exhausted his administrative remedies, and this lawsuit is timely under 5 U.S.C. § 552(a)(6).

Claims for Relief

Count I – Violation of FOIA (Inadequate Search)

1. Plaintiff incorporates by reference all preceding paragraphs. FOIA requires agencies to search all reasonable locations for records responsive to a request. Defendant EEOC's search was not reasonably calculated to uncover all responsive documents, in violation of FOIA.

Count II – Violation of FOIA (Failure to Segregate)

1. Plaintiff incorporates by reference all preceding paragraphs. FOIA mandates that agencies release all reasonably segregable non-exempt portions of responsive records. Defendant EEOC violated FOIA by withholding entire documents and large segments of records without disclosing any reasonably segregable non-exempt information. EEOC's disclosure consisted only of heavily redacted files, with no effort to disclose non-exempt content.

Count III – Violation of FOIA (Unlawful Withholding and Failure to Provide Vaughn Index)

1. Plaintiff incorporates by reference all preceding paragraphs. FOIA prohibits an agency from withholding responsive records without adequate justification. Defendant EEOC has

AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT - 3

failed to identify any FOIA exemption authorizing its redactions and has not provided the requisite Vaughn index detailing the withheld material. EEOC's failure to justify its withholdings or provide a Vaughn index violates FOIA.

Prayer for Relief

WHEREFORE, Plaintiff John Doe respectfully requests that the Court enter judgment in his favor and order the following relief:

1. Declare that Defendant EEOC has violated FOIA by failing to conduct an adequate search, by improperly withholding non-exempt records, and by failing to provide a Vaughn index.

2. Order Defendant to conduct a new, thorough, good-faith search for all records responsive to Plaintiff's FOIA requests and to produce all non-exempt records identified, including (but not limited to) EEOC intake files, counselor notes, investigative reports, case records, correspondence regarding Plaintiff's EEO complaints and separation, and Coast Guard records pertaining to his discharge.

3. Order Defendant to release all reasonably segregable non-exempt portions of those records and to justify any withholdings line-by-line in accordance with FOIA.

4. Order Defendant to prepare and serve a Vaughn index and any necessary declarations explaining the basis for each asserted exemption for all withheld or redacted material.

5. Award Plaintiff his costs of litigation and reasonable attorney's fees pursuant to 5 U.S.C. § 552(a)(4)(E).

6.  Grant such other relief as the Court deems just and proper.

    Respectfully submitted,

_____

Jason Walker Tyler

(filing as "John Doe")

Plaintiff Pro Se

Date: September 29, 2025

AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT - 5