**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JOHN DOE,

    Plaintiff,

      v.

CHARLOTTE A. BURROWS, CHAIR,
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION, *et al.*,

    Defendants.

Civil Action No. 24-3570

**MEMORANDUM OPINION AND ORDER**

In this *pro se* lawsuit, Plaintiff John Doe apparently seeks to sue the Equal Employment

Opportunity Commission and the Department of Homeland Security for allegedly failing to

fulfill his Freedom of Information Act requests that relate to an employment-discrimination

claim he raised against the United States Coast Guard. See ECF No. 1 (Compl.) at 4. Plaintiff

twice filed Motions to proceed pseudonymously that did not address the proper factors. See ECF

Nos. 3 (Mot.); 9 (Renewed Mot.). His third Motion addressed all the required factors but still

fell short of the detailed showing required to overcome the presumption in favor of disclosure.

See ECF No. 11 (Second Renewed Mot.); 14 (First Mem. Op. & Order). The Court reached that

same conclusion when addressing Plaintiff's Motion for Reconsideration. See ECF No. 15

(Recon. Mot.); 20 (Second Mem. Op. & Order).

Doe forged ahead and filed a Motion for Clarification claiming that the Court had

misconstrued his Complaint. See ECF No. 22 (Clarification Mot.). Acknowledging that

Plaintiff's Complaint had failed to clearly articulate his claims, the Court granted him leave to

1

file an Amended Complaint and another Motion to Proceed Pseudonymously.  See Minute Order

of July 11, 2025.  Plaintiff has now filed both.  See ECF Nos. 29 (Am. Compl.); 30 (Third

Renewed Mot.).  His Amended Complaint raises the same FOIA claims as before, and his

renewed motion offers only arguments already considered and rejected.  The Court will therefore

deny the Motion, subject to any further consideration by the United States District Judge to

whom this case is randomly assigned.  See LCvR 40.7(f) (providing that Chief Judge shall "hear

and determine . . . motion[s] to file a pseudonymous complaint").

## I.      Legal Standard

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a);

LCvR 5.1(c)(1), 11.1.  That requirement reflects the "presumption in favor of disclosure [of

litigants' identities], which stems from the 'general public interest in the openness of

governmental processes,' and, more specifically, from the tradition of open judicial

proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal

Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to

proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need

for such secrecy, and identifying the consequences that would likely befall it if forced to proceed

in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court

must "'balance the litigant's legitimate interest in anonymity against countervailing interests in

full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed

Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the
> annoyance and criticism that may attend any litigation or is to preserve privacy in a
> matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the
> requesting party or[,] even more critically, to innocent non-parties;

[3] the ages of the persons whose privacy interests are sought to be protected;

[4] whether the action is against a governmental or private party; and relatedly,

[5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

## II.      Analysis

As before, factors four and five favor Plaintiff: he sues the Government for individualized relief and has offered to disclose his identity to Defendants under seal. See First Mem. Op. & Order at 5; Third Renewed Mot. at 6. Those two factors remain insufficient to carry the day, as the first three continue to weigh against pseudonymity.

The first factor, once more, weighs in favor of disclosure. Under this factor, the Court considers whether the lawsuit implicates "sensitive and highly personal" information, such as "sexual activities," "medical concerns," or the "identity of abused minors." In re Sealed Case, 971 F.3d at 326–27. Plaintiff contends that the EEO and EEOC materials he intends to file — intake statements, counselor narratives, investigation, and the like — constitute a "new category of sensitive and highly personal information" not previously before the Court. See Third Renewed Mot. at 4. Those materials, however, have yet to be filed with the Court, and speculation about future filings cannot support a present grant of anonymity. Even setting that aside, Plaintiff's insistence that these materials constitute "personal narratives" rather than "workplace dynamics" does not advance his cause. Id. at 3. Swapping one label for another does not transform an employment dispute into the kind of sensitive and highly personal matter pseudonymity is meant to protect. See First Mem. Op. & Order at 4. To the extent his medical records implicate such sensitive information, they are already under seal. Id. at 4, 9. With that protection in place, this factor continues to favor disclosure.

As to the second factor, Plaintiff fares no better than before.  He again recounts being removed from training, placed on "Discharge Hold," given degrading tasks, and threatened with "brig time" if he refused to sign discharge papers.  See Third Renewed Mot. at 4.  These allegations were squarely before the Court on reconsideration, where they were addressed and found insufficient.  See First Mem. Op. & Order at 4–5; Second Mem. Op. & Order at 4.  His referenced private-investigation report documenting alleged coercion was likewise in the record.  See Third Renewed Mot. at 4; ECF No. 15-3 (Priv. Investigator Rep.).  Similarly, Plaintiff's concern about "reenter[ing] service," Third Renewed Mot. at 4, is a mere repackaging of the "professional blacklisting" and "life-threatening misjudgment in future public safety contexts" that this Court has already considered and rejected under the second factor.  See Recon. Mot. at 4; Second Mem. Op. & Order at 4.  His "claim[] of impending retribution" therefore remains "far too bare and attenuated" to tip this factor in his favor.  See Second Mem. Op. & Order (quotation marks and citation omitted).

Plaintiff's newer arguments do not change the calculus.  He now emphasizes severe emotional distress and anxiety stemming from his Coast Guard experience and fears that public exposure will traumatize him.  See Third Renewed Mot. at 4.  Courts in this district recognize that risks to mental health can satisfy factor two, particularly where a plaintiff suffers from a documented mental illness or psychological condition that public disclosure would exacerbate.  See Doe v. Cabrera, 307 F.R.D. 1, 7 (D.D.C. 2014); Doe v. Sessions, 2018 WL 4637014, at *4 (D.D.C. Sept. 27, 2018) ("Courts generally find a risk of retaliatory harm in cases where the moving party provides evidence that psychological damage is anticipated if a party's identity is disclosed.") (cleaned up).  While the Court is sympathetic to Plaintiff's distress, he does not allege any such condition.  General emotional distress tied to past events and a fear of trauma

from litigation fall short of the kind of concrete psychological harm that factor two contemplates. See Doe v. Rubio, 2025 WL 1676007, at *3 (D.D.C. June 13, 2025) ("[G]eneralized claims of mental hardship that are unconnected to any substantial threats of psychological damage are insufficient to support pseudonymity."). The second factor therefore continues to weigh against pseudonymity.

The third factor similarly supports disclosure. Plaintiff initially conceded this point outright, explaining that "[n]o minors are implicated by this litigation, so Factor Three does not favor pseudonymity." Third Renewed Mot. at 5. He subsequently filed a supplemental document featuring a declaration from a family member who is a minor and whose privacy interests, he now argues, would be jeopardized by disclosure. See ECF No. 34 (Suppl. Mot.) at 2. This belated pivot is unpersuasive for several reasons. Courts have permitted pseudonymity under factor three where adult plaintiffs share "common privacy interests with their minor child due to their intractably linked relationship." J. v. Dist. of Columbia, No. 23-1279, ECF No. 3 (Mem. Op. & Order) at 4 (D.D.C. May 9, 2023). Unlike the parent-child relationship courts have credited, the minor here is not Plaintiff's child, and it is difficult to discern how a FOIA case concerning Plaintiff's Coast Guard separation would implicate the minor's privacy interests at all. Any resulting privacy concern is more appropriately addressed through redaction than through anonymity for Plaintiff. This factor therefore continues to support disclosure.

Despite five attempts in total, Plaintiff has not bridged the gap. Though factors four and five remain in his favor, they alone cannot rebut "the public's presumptive and substantial interest in knowing" the identity of litigants. Doe v. DHS, 2022 WL 1210689, at *3 (D.D.C. Mar. 14, 2022).

**III.    Conclusion**

The Court accordingly ORDERS that:

1.  Plaintiff's [30] and [34] Motions for Leave to File Under Pseudonym are DENIED;

2.  Within fourteen days of the Court's Order, Plaintiff shall file a Notice advising the Clerk of the Court whether he wishes to proceed with filing the Complaint on the public docket using his real name, and, if so, shall also file his [30] Motion on the public docket; and

3.  If Plaintiff does not file such Notice within fourteen days, the Clerk is directed to terminate the case.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  March 31, 2026

6